SUMMARY ORDER
Petitioner James Enrique Quiroz-Lopez, a native and citizen of Colombia, seeks review of a September 17, 2004 order of the BIA affirming the decision of Immigration Judge (“IJ”) Theresa Holmes-Simmons denying his application for asylum, withholding of removal, and CAT relief, see In re Quiroz-Lopez, File No. A 79-417-377 (New York, N.Y. July 16, 2003) (“IJ Decision”). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Where, as here, the BIA has affirmed an IJ’s decision without opinion, we review the IJ’s decision as the final agency determination. Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006).
We evaluate the IJ’s factual findings under the substantial evidence standard, reversing only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 156-58 (2d Cir.2006); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73-74; Ramsameachire v. Ashcroft, 357 F.3d 169, 177-78 (2d Cir. 2004). By contrast, we review de novo the IJ’s application of legal principles to undisputed facts (for example, in determining whether certain conduct constitutes persecution). See Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000).
As an initial matter, although the IJ indicated that she had “some general concerns” about Quiroz-Lopez’s testimony, the IJ did not make an explicit adverse credibility determination. See IJ Decision at 9-10. Accordingly, we assume for the purposes of this opinion that Quiroz-Lopez’s testimony was credible and evaluate only whether the evidence presented before the IJ was sufficient to meet QuirozLopez’s burden of proof.
According to Quiroz-Lopez, the Ejercito De Liberación (“ELN”) guerillas had attempted to extort money from him and threatened to kill him if he did not cooperate with their organization. In his asylum application, Quiroz-Lopez stated that the ELN had targeted “truck drivers, cab drivers[, and] business people” in his town, and had killed another taxi driver for failing to comply with their demands. J.A. at 379. On appeal to the BIA, see J.A. at 12, Quiroz-Lopez maintained that such conduct established past persecution and a well-founded fear of persecution based on an enumerated ground in the Immigration and Nationality Act (“INA”), specifically “membership in a particular social group” and imputed “political opinion.” See 8 U.S.C. § 1101(a)(42)(A).
With respect to petitioner’s “social group” claim, we conclude that the IJ correctly held that Quiroz-Lopez’s status as a self-employed taxi driver with “access to money” did not establish persecution on account of an “immutable characteristic or common trait.” See Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985) (members of taxi cooperative did not constitute “particular social group”); In re S-V-, 22 I. & N. Dec. 1306, 1310 (BIA 2000) (actions motivated by victim’s “perceived wealth,” without more, were insufficient to support finding of persecution).
With regard to Quiroz-Lopez’s “political opinion” claim, the IJ appears to have recognized “that an imputed political opinion, whether correctly or incorrectly *211 attributed, can constitute a ground of political persecution with the meaning of the [INA],” see Chun Gao v. Gonzales, 424 F.3d 122, 129 (2d Cir.2005) (internal quotation marks omitted), but concluded that Quiroz-Lopez had “[njeither alleged that any political opinion would be imputed to him nor provided evidence in support of such a claim,” IJ Decision at 13-14. In so holding, however, the IJ expressly considered only whether Quiroz-Lopez was actually “involved in politics,” id. at 14, rather than evaluating Quiroz-Lopez’s additional claims that (1) the ELN had sought his “collaboration” and money, and he had become its “enemy” when he refused to comply with its demands, J.A. at 379, 397; and (2) the ELN had “blamed” Quiroz-Lopez for allegedly calling the Colombian army to attack the guerillas during the August 17, 2001 incident, J.A. at 81, 89, 91. Because the IJ failed to analyze whether this evidence supported Quiroz-Lopez’s claim of imputed political opinion, we remand to the BIA for further consideration.[1] See Chun Gao, 424 F.3d at 130; see also Tian-Yong Chen v. INS, 359 F.3d 121, 127-28 (2d Cir.2004) (authorizing remand where the IJ and BIA failed “to acknowledge, much less evaluate” evidence central to the petitioner’s claim).
Finally, we conclude that substantial evidence supports the IJ’s denial of QuirozLopez’s CAT claim, inasmuch as the ELN guerillas who would likely target QuirozLopez would not be acting with the consent or acquiescence of public officials. See In re S-V-, 22 I. & N. Dec. at 1312.
For the foregoing reasons, the petition for review is GRANTED in part and the case is remanded in part for further proceedings solely with respect to petitioner’s asylum and withholding of removal claims based on imputed political opinion. The petition for review is DENIED with respect to the CAT claim. Any pending motion for a stay of removal is DENIED as moot, and any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

. We emphasize that on remand the burden remains on Quiroz-Lopez to demonstrate (1) "that his persecutors actually imputed a political opinion to him,” Chun Gao, 424 F.3d at 130 (emphasis added) (quoting Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997)); and (2) that "the guerillas will persecute him because of that political opinion, rather than because of his refusal” to collaborate with, or fund, the ELN, see INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); see also Sangha, 103 F.3d at 1491 (holding that guerrilla group did not act "on account of” the petitioner’s political opinion where the group was "acting in furtherance of its own goals, rather than to persecute [the petitioner] for any views he might hold”); id. at 1487 (stating that ”[t]he petitioner must prove something more than violence [by anti- *212 government guerrillas] plus disparity of [political] views").