Herrera-Cano v. Blanche

BIA
Ling, IJ
A220 453 590/591/592

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

BRANDONN MARTIN HERRERA-CANO, MARIA DE LOS ANGELES GODOY-VILLAGRAN, A.M.H.-G.,[1]
> *Petitioners*,

v.                                                    **24-371**
                                                      **NAC**

---

[1] We refer to the minor petitioner in this publicly accessible order by their initials only.

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**
　　　　*Respondent.*

_____

**FOR PETITIONERS:**　　　　Japheth Matemu, Musa-Obregon Law, P.C., Maspeth, NY.

**FOR RESPONDENT:**　　　　Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Zachary S. Hughbanks, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Brandonn Martin Herrera-Cano, his wife Maria De Los Angeles Godoy-Villagran, and their minor child, natives and citizens of Guatemala, seek review of a January 22, 2024 decision of the BIA affirming an October 6, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Brandonn Martin Herrera-Cano, et al.*, Nos. A220 453 590/591/592 (B.I.A. Jan. 22, 2024), *aff'g* Nos. A220 453 590/591/592 (Immig. Ct. N.Y. City Oct. 6, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i*); see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" standard to withholding of removal). In general, past persecution alone does not suffice to establish an asylum claim; rather, the applicant's past persecution creates a rebuttable presumption that the applicant has "a well-founded fear of persecution," but "[t]he government . . . may rebut that presumption if there has been a fundamental change in circumstances or the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." *KC v. Garland*, 108 F.4th 130, 134–35 (2d Cir. 2024) (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.13(b)(1)(i); *but see* 8 C.F.R. § 1208.13(b)(1)(iii) (allowing for applicant to establish asylum claim with past persecution alone where sufficiently

severe). For CAT, an applicant "bears the burden of proving" that he "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (quotation marks and citation omitted); *see also* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

The Government argues that Herrera-Cano failed to exhaust his claim of persecution based on imputed political opinion stemming from his work as a government employee. We "may review a final order of removal only if . . . [the petitioner] has exhausted all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d); *see Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023) (holding that exhaustion is a "claim-processing rule" that is "subject to waiver and forfeiture"); *Ud Din v. Garland*, 72 F.4th 411, 419–20 (2d Cir. 2023) (explaining that exhaustion is mandatory when the Government raises it and the BIA did not otherwise address the issue that was not raised on appeal). "[T]his Court will not limit the petitioner to the exact contours of his argument below . . . [b]ut when an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear

it." *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (quotation marks and citation omitted).

Herrera-Cano proposed two virtually indistinguishable Particular Social Groups ("PSG"s) to the IJ: "nonindigenous government employees being attacked by [the Committee of Peasant Development ('CODECA')] members" and "nonindigenous government employees that are attacked by CODECA members." Certified Admin. R. ("CAR") at 79, 115. To the IJ, Herrera-Cano testified that he had been attacked because he "worked for the government" and CODECA members "are socialists" and oppose the government. CAR at 126.[2] To the BIA, however, Herrera-Cano asserted that he was persecuted based on his "anti-gang political beliefs." CAR at 18. Even assuming for the sake of argument that Herrera-Cano's arguments to the IJ and to the BIA can be considered closely matched because both concern political views, Herrera-Cano's PSGs fail. At the hearing before the IJ, Herrera-Cano repeatedly emphasized that his PSG was based on his status as a government employee. But an immutable characteristic "either

---

[2] The brief filed with the BIA by Herrera-Cano's counsel also mentioned a PSG of "[w]itnesses and victims of crimes," CAR at 21, and a PSG of "wealthy landowners," CAR at 19. Neither of these attributes appears to be relevant to this petitioner, and even if they were, they could not be raised for the first time before the BIA. *See* CAR at 4; *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 192 (BIA 2018).

5

cannot change, or should not be required to change because it is fundamental to [an applicant's] individual identit[y] or conscience[]," *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (quotation marks omitted) (noting that "affluent Guatemalans are not a particular social group for asylum[-]eligibility purposes" (quotation marks omitted)), and we have consistently found that employment status generally is not an immutable characteristic, *see*, *e.g.*, *Erraez-Montano v. Bondi*, No. 23-7594, 2025 WL 600974, at *1 (2d Cir. Feb. 25, 2025); *Yunga-Mera v. Garland*, No. 20-1657, 2022 WL 839275, at *2 (2d Cir. Mar. 22, 2022) (noting that "employment as a government contractor is not an immutable characteristic"); *Rodas Rosales v. Barr*, 839 F. App'x 592, 595 (2d Cir. 2020) ("[E]mployment as a security guard was not an immutable characteristic."); *Quiroz-Lopez v. Gonzales*, 176 F. App'x 209, 210 (2d Cir. 2006) (holding that petitioner's "status as a self-employed taxi driver" was not an immutable characteristic). Accordingly, even if the claim is preserved, Herrera-Cano's PSGs are not cognizable.

Furthermore, Herrera-Cano makes no meaningful argument in response to the IJ's finding that he had not established a nexus between his PSGs and the persecution he asserts. Specifically, the IJ found that Herrera-Cano was targeted "because [he] was doing his duties as a government employee" and had made no

6

showing that his targeting was related to his nonindigenous background.  *See* CAR

at 80.  Herrera-Cano's brief to this Court states only that he and his family "were

subjected to persecution on account of their political opinion and membership in

a PSG."  Petitioners' Br. at 16.  This conclusory assertion is insufficient to challenge

the denial of asylum and withholding of removal based on a lack of nexus.  *See*

*Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023); *see also Yueqing Zhang v.*

*Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where

brief "devote[d] only a single conclusory sentence" to it).  Because the failure to

establish a nexus to a protected ground is dispositive of asylum and withholding

of removal, we do not reach any other issues regarding these forms of relief.  *See*

*INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies

are not required to make findings on issues the decision of which is unnecessary

to the results they reach.").

The remaining arguments Herrera-Cano raises lack merit.  He contends that

the agency should have made a "threshold finding as to whether the harms

suffered . . . amounted to persecution."  Petitioners' Br. at 14.  But his claims fail

on nexus grounds, and the agency is not required to address issues that are not

necessary to the outcome.  *See Bagamasbad*, 429 U.S. at 25.  And the conclusory

statement that substantial evidence does not support the agency's decision is insufficiently developed and fails to address the dispositive nexus issues. *See Yueqing Zhang*, 426 F.3d at 545 n.7.

Finally, the only reference to CAT relief in Herrera-Cano's brief to this Court is an argument heading that reads: "Whether or not there was substantial evidence that petitioners qualified for asylum, withholding of removal and alternatively, relief under the C.A.T." Petitioners' Br. at 16. He makes no argument as to why or how the agency erred in denying his CAT claim and has thus abandoned review of this claim. *See Debique*, 58 F.4th at 684; *Yueqing Zhang*, 426 F.3d at 545 n.7.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court